UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **OUTDOOR ONE COMMUNICATIONS, LLC** | **2:20-CV-12459-TGB-RSW** |
| Plaintiff, | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 8)** |
| **CHARTER TOWNSHIP OF GENOA, MICHIGAN** | |
| Defendant. | |

Genoa Township ("Genoa," "the Township," or "Defendant") denied a request by Outdoor One Communications, LLC ("Outdoor" or "Plaintiff") to put up a sign because the sign did not comply with the size requirements of the Township's Sign Ordinance. Now as the Plaintiff in this lawsuit, Outdoor challenges Defendant Genoa's ordinance as an unconstitutional content-based speech regulation that violates Plaintiff's free speech rights under the First and Fourteenth Amendments, acts as an unconstitutional prior restraint of speech, and is unconstitutionally vague. The Defendant Township has moved to dismiss the Complaint on the basis that Outdoor lacks standing to bring its claims, and that the Complaint fails to state claims upon which relief may be granted.

# I.    BACKGROUND

Outdoor is a company in the business of billboard advertising. Outdoor earns revenue by building and maintaining billboards on properties it leases and charging clients to display messages on the signs it erects. ECF No. 1, PageID.12. Defendant Genoa Township, like many municipalities, regulates the size, placement, and quantity of signs that may be erected within its borders. ECF No. 1-2, PageID.32-43.

Genoa's signage law is found in Article 16 of its Zoning Ordinance ("Sign Ordinance," or "Ordinance"). *See id*. Under the version of the Sign Ordinance in effect when Plaintiff proposed its sign, those wishing to erect a sign in the township were generally required to obtain a permit before doing so, though some types of signs were exempted from the permitting requirement. *Id*. at PageID.36. And despite any exemptions from the permitting requirement, *Id*. at PageID.34-36, all signs, even permit-exempt signs, were subject to all other provisions of the Ordinance, including specified height, area, and numerosity limits. *Id*. at PageID.34, 36-37. Relevant here, the Ordinance prohibited "monument signs"[1] larger than six feet tall and sixty total square

---

[1] The Ordinance defines a "monument sign" as " [a] three-dimensional, self-supporting, solid base-mounted freestanding sign, consisting of two (2) or more sides extending up from

feet,[2] and any monument signs that exceeded the limit of only one per lot in an "industrial district." *Id.* at PageID.41. The Ordinance also categorically prohibited certain kinds of signs, including any "off-premises" signs,[3] that is, signs unrelated to the lot they occupied.

On May 12, 2020, Outdoor applied for a permit to erect a sign in an industrial district that would stand fourteen feet tall and

_____

the base, and upon which a message, business, group of businesses or center name is affixed." ECF No. 1-2, PageID.33.

[2] Section 16.07.05 provides that: "Dimensional standards for monument signs are given in table 16.1." ECF No. 8-1, PageID.141. Table 16.1 provides that, in an "Industrial District" no more than one monument sign may be erected per lot, and monument signs may not be larger than 60 square feet, nor taller than six feet. *Id.* Section 16.04.14 provides that "[a]ny sign that exceeds the height or area limits of this article shall be prohibited."

[3] An "off-premise" sign is defined in the Ordinance, § 16.02.12, as follows: "a sign which identifies a use or advertises products and services not available on the site or parcel on which the sign is located; a sign which directs travelers or provides a message unrelated to the site on which the sign is located, e.g. billboards." ECF No. 8-1, PageID.132. Such signs are listed as "prohibited signs" in § 16.04, specifically, § 16.04.04 provides in relevant part: "Signs shall only be permitted as an accessory use on the same lot as a principal permitted use. Off-premise signs that are not located on the same lot as the principal use they serve shall be prohibited." The parties and the Ordinance also refer to signs that do not relate to the lots upon which they sit "off-premises" signs. The Court will refer to such signs as "off-premises" throughout this Order.

3

measure 672 square feet.   ECF No. 1 PageID.13; ECF No.1-10 PageID.71. The proposed sign exceeded the six-foot height and 60 square-foot area size limitation, and also violated the restriction on more than one monument sign per lot in an industrial district. Two days later, a zoning official for the Township informed Outdoor that the Township could not grant its permit application because of the proposed sign's height and area and because it would be the second monument sign on the property. ECF No. 1-11 PageID.75. The day after this denial, Outdoor clarified that its application was for an "off-premises sign," and the zoning official responded that, while the Sign Ordinance prohibited off-premises signs, regardless of whether Plaintiff proposed an on-premises or off-premises sign, she could not approve the application because the proposed sign exceeded height, area, and numerosity limitations. ECF No. 1-12 PageID.78.

Meanwhile, Genoa had been considering changes to its Sign Ordinance. In 2017, the Township became concerned that its prohibition against off-premises signs might not conform with the Supreme Court's 2015 holding in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), that any content-based speech regulation was presumptively unconstitutional. ECF No. 14-2 PageID.298. In August of 2020, Genoa's planning commission considered amendments to the Sign Ordinance, but those amendments still

4

prohibited off-premises signs. *Id.* at PageID.307. On October 5, 2020, the Board of Trustees set a second reading and public hearing regarding these amendments for October 19th. ECF No. 14-5, PageID.396. But at the October 19 meeting, Genoa considered further amendments that eliminated the distinction between on- and off-premises signs and prohibitions of the latter. ECF No. 14-6, PageID.422, 426. Further amendments were suggested, so the Township's Board of Trustees tabled a second reading of the most recent amendments until November 2, 2020. ECF No. 14-7, PageID.446. Finally, on November 20, the Township adopted these amendments. ECF No. 14-9, PageID.511.

Outdoor filed its complaint on September 8, 2020—before this last set of amendments was proposed or enacted. ECF No. 1 PageID.2. The Complaint challenges the constitutionality of the Sign Ordinance in several ways. Counts I and II claim the Ordinance is a content-based speech regulation that cannot survive strict scrutiny. ECF No. 1 PageID.17-23. Count III alleges the law is an unconstitutional prior restraint. ECF No. 1 PageID.26. And Count IV attacks the regulation as an unconstitutionally vague restriction on First Amendment rights. ECF No. 1 PageID.28. Plaintiff asks this Court for injunctive, declaratory and monetary relief in all counts.

## II.   STANDARD OF REVIEW

A party may raise a defense to a claim for lack of subject-matter jurisdiction by motion. FRCP 12(b)(1). Under a 12(b)(1) motion, the Court need not assume the truthfulness of the plaintiff's factual allegations and may weigh evidence to "satisfy itself" that it does or does not have jurisdiction to hear the case. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A party may move to dismiss under 12(b)(1) by making either a facial or factual attack. *See id*. A factual attack is a challenge regarding whether subject matter jurisdiction exists. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a lawsuit if it "fails to state a claim upon which relief can be granted." Rule 8(a) requires only that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though this standard is liberal, courts have held that it requires plaintiffs to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

In evaluating a motion to dismiss under Rule 12(b)(6), courts must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Consideration of a motion to dismiss under Rule 12(b)(6) is generally confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Courts may, however, consider any exhibits attached to the complaint or the defendant's motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## III.  ANALYSIS

Defendant argues that Plaintiff's claims must be dismissed because, regardless of any other provision in the Ordinance, Plaintiff's proposed sign was rejected for violating content-neutral restrictions on sign height and size. Therefore, Defendant argues, none of Plaintiff's other challenges present an injury that would be redressable by a favorable decision by this Court. This is because, even if the Court were to hold the challenged provisions unconstitutional as content-based restrictions, Plaintiff would still

7

be prohibited from putting up its sign because it violated the size restrictions—which do not discriminate based on content. Defendant further argues both that Plaintiff has failed to allege claims upon which relief may be granted and that Plaintiff's claims have been rendered moot by Genoa's amendments to the Ordinance.

For the foregoing reasons, the Court concludes that Plaintiff's claims are not moot, but that Plaintiff lacks standing to challenge the allegedly content-based provisions of the Sign Ordinance that did not cause it injury. The Court further concludes that Plaintiff has standing to challenge the Ordinance's permit requirement and variance procedures, and that Plaintiff has stated a claim that the permit requirement and variance procedures operate as an impermissible prior restraint.  Therefore, the Court will **GRANT** Defendant's Motion to Dismiss Counts One, Two, and Four. The Court will **DENY** Defendant's Motion to Dismiss Count Three.

### a. Mootness

In the time since Plaintiff sued, Genoa has completed the process of amending its Sign Ordinance. ECF No. 12, PageID.256. Genoa argues that these amendments render Plaintiff's claims moot. *Id*. at PageID.256-7. Plaintiff responds by disputing whether the amendments were properly enacted, and argues that, in any

event, this Court must review the Ordinance as it existed at the time of Genoa's decision, not as it exists now. ECF No. 14, PageID.287, 289.

The provisions Plaintiff has standing to challenge—the permitting and variance provisions—remain unchanged in relevant part by the recent amendments. The amendments therefore do not moot Plaintiffs' surviving claims. *See Int'l Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690, 699 (6th Cir. 2020).

### b. Standing

Before the Court may consider whether plaintiff has sufficiently alleged that any of the purportedly content-based provisions offend the Constitution, the Court must first determine whether Plaintiff has standing to challenge those provisions. The "threshold [jurisdictional] question in every federal case" is whether the plaintiff has Article III standing. *Coal Operators and Associates, Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

As the party invoking federal jurisdiction, Plaintiff must demonstrate Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016). To do so, Plaintiff must allege facts demonstrating (1) plaintiff suffered an injury in fact, (2) caused by the defendant's challenged conduct, (3) that is likely to

be redressed by a favorable judicial decision. *Id.* To establish an injury in fact, the plaintiff must prove an "invasion of a legally protected interest" that is (1) "concrete and particularized" and (2) "actual or imminent." *Id.* at 1548 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). A particularized injury affects the plaintiff in a "personal and individual way," and the injury must "actually exist" to be "concrete." *Spokeo*, 136 S.Ct. at 1548. These three requirements comprise *constitutional* standing.

In addition to constitutional standing, plaintiffs typically must also demonstrate *prudential* standing, which limits litigants to bringing claims that (1) are not based on "generalized grievances" that affect a large group of citizens "in substantially equal measure," (2) involve the "[the plaintiff's] own legal rights and interests, and (3) "fall within the zone of interests . . . protected or regulated by the statute or constitutional guarantee in question." *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007) (internal citations omitted). Thus, a statute usually must have an adverse impact on a party's own rights—rather than on the world at large—for that party to have standing to challenge that law's constitutionality. *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 154-55 (1979).

But even in the First Amendment context, where prudential standing requirements are sometimes relaxed, litigants must still show they suffered an injury in fact that arises from each challenged provision of a law in order to establish standing. *Prime Media*, 485 F.3d at 350 (discussing *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257 (11th Cir. 2006)). Thus, constitutional standing is an "absolute and irrevocable" requirement that plaintiffs must establish, even for First Amendment claims. *Prime Media*, 485 F.3d at 350; *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 464 (6th Cir. 2007) ("Although there is broad latitude given facial challenges in the First Amendment context, a plaintiff must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions.")(internal marks and citation omitted).

Consequently, Plaintiff may only challenge the statutory provisions that have caused it injuries in fact that are redressable by a decision of this Court. *See Crossroads Outdoor LLC v. Green Oak Charter Twp.*, No. 18-CV-11368, 2019 WL 1326641, *7 (E.D. Mich. Mar. 25, 2019)(Friedman, J.); *see also Prime Media*, 485 F.3d at 350. This means that Plaintiff must allege an injury in fact under each provision of the Ordinance that it seeks to challenge. As the Sixth Circuit explained in *Prime Media*, "[a plaintiff]'s standing

11

with regard to the size and height requirements does not magically carry over to allow it to litigate other independent provisions of the ordinance without a separate showing of actual injury under those provisions . . .  even though it is undisputed that [plaintiff] had standing to challenge the [sign ordinance's] billboard height and size requirements, it must separately establish an injury in fact under the numerous other provisions that it seeks to challenge." 485 F.3d at 350-51. Thus, the "critical inquiry is whether the plaintiff can allege an injury arising from the specific rule being challenged, rather than an entirely separate rule that happens to appear in the same section of the municipal code." *Id*. at 351. The Court considers each of the counts alleged in the Complaint in turn to determine if plaintiff has alleged an injury "arising from the specific rule being challenged."

### i. Standing as to Count I

Count I alleges that the Ordinance imposes unconstitutional content-based distinctions, because several provisions of the Ordinance treat signs differently based on the content that they display.[4] Count I suffers from two standing infirmities: lack of

_____

[4] Chiefly, Plaintiff argues that the off-premises restriction is a content-based regulation. ECF No. 1, PageID.18. But Plaintiff also invokes several other provisions of the Ordinance. For example, Plaintiff also argues that the Ordinance imposes content-based restrictions because it prohibits nonprofit organizations or

injury, and unavailability of any redressable effect from the sought remedy.

As to injury, Plaintiff does not identify any injury flowing from the allegedly unconstitutional content-based restrictions. Although Plaintiff alerted Genoa that it sought to erect an off-premises sign—after, it should be noted, Plaintiff's permit request had already been refused—the Township denied Plaintiff a permit "[r]egardless" of whether the sign would have displayed on or off-premises content. ECF No. 1-12, PageID.78. Instead, the Township zoning official specifically noted that the Township could not approve Outdoor's sign because of its "height, size and [because] it exceeds the number of monument signs allowed." *Id.*; *see Crossroads Outdoor*, 2019 WL 1326641 at *7-8 (plaintiff did not have standing to challenge off-premises sign regulations or permit exemption provisions despite its claim that the billboard-only setback provisions applied to its sign because of the sign's content); *cf. Prime-Site Media, LLC v. City of Oak Park*, No. 19-12143, 2020 WL 2556782, *11 (E.D. Mich. May 20, 2020)(Michelson, J.)(requiring discovery to determine whether

---

individuals from erecting changeable message signs as the Ordinance provides that only one such sign will be permitted "per business," ECF No. 1, PageID.22, and that the Ordinance imposes different color and brightness requirements on electronic signs depending on whether or not they change their content regularly. *Id.*

plaintiff had standing to challenge on and off-premises content distinctions because defendant cited no specific ordinance provision when denying plaintiff's permit). Here, Plaintiff's injury is traceable only to the provisions Genoa cited in denying it a permit. *See Crossroads Outdoor*, 2019 WL 1326641 at *8 (holding "Plaintiff has only alleged an injury . . . *arising from . . . the billboard regulations for which it was denied variances . . . .*") (emphasis added).

The Court is also not persuaded that Plaintiff has alleged an injury from any other allegedly content-based restrictions. Plaintiff asserts it allows customers to display noncommercial, political, and religious messages on its signs. ECF No. 1, PageID.12. It claims the Township prohibits or disfavors such content. *Id.* at PageID.8-9. However, Outdoor's application does not indicate, nor does Outdoor allege, that *this sign* would display any such message or any other type of content that the Township allegedly bans or disfavors. ECF No. 1-10, PageID.72. Plaintiff cannot plausibly dispute that the Township denied Plaintiff a permit because the sign did not meet height, area, and numerosity provisions, and noted the sign was prohibited for those reasons regardless of the content the sign displayed. ECF No. 1-12, PageID.78; *see also* ECF No. 1-2, PageID.37 (prohibiting "any sign that exceeds the height or area

14

limits of this article"). Outdoor has not suffered an injury under any other provision because it *sometimes* or *may have* displayed content the Township generally prohibits or disfavors. *See Crossroads Outdoor* 2019 WL 1326641 at *8 (explaining that although plaintiff "routinely" displays and "would like to" display non-commercial messages, political advertising, and messages with public service information, that assertion was "factually insufficient" to show actual injury from the relevant provision).

Plaintiff's Count I also presents standing problems because Plaintiff cannot show redressability.  For the reasons explained below in section III(c), the height, size, and numerosity requirements under which Genoa denied Plaintiff a permit are constitutional and severable from the remainder of the statute. Therefore, even if this Court invalidated the allegedly content-based provisions, Plaintiff would not have been permitted to erect its sign. Therefore, Plaintiff's claims concerning the content-based provisions of the Ordinance under Count I are not redressable. *See Prime-Site Media,* 2020 WL 2556782 at *11 ("If there is even one constitutional, severable provision of the 2019 Ordinance that Oak Park used (or could have used) to deny [plaintiff] its permit, finding any number of other provisions of the 2019 Ordinance unconstitutional would not redress Prime-Site's injury.").

Plaintiff also attempts, under Counts I, II, and IV, to challenge the Ordinance in its entirety. Those arguments rely on *Thomas v. Bright*, 937 F.3d 721 (6th Cir. 2019). *See* ECF No. 11, PageID.191 ("*Thomas* is the touchstone to declaring Genoa's content-based scheme of sign regulation unconstitutional."); PageID.209-210. In *Thomas*, the Sixth Circuit struck down a sign ordinance in its entirety as impermissibly content-based because it included a general permit requirement, but exempted on-premises signs. *See* ECF No. 11, PageID.209-210; *Thomas*, 937 F.3d at 738. But that case is distinguishable for two critical reasons: first, in *Thomas*, the district court had already held that the on-premises exemption was not severable from the rest of the law, and that holding was not challenged on appeal. *Thomas,* 937 F.3d at 728. That the on-premises exception was not severable was critical to the holding in *Thomas*. *Id*. at 733 ("*Because the on-premises exception is not severable* from the Billboard Act, we must consider the Act as a whole") (emphasis added). And second, the *Thomas* plaintiff's sign was rejected specifically because it was an off-premises sign, not because, as here, it violated other content-neutral portions of the relevant sign law. *Id*. at 724, 730-31. Therefore, Plaintiff cannot invoke *Thomas* as authority to challenge the entire Ordinance.

16

### ii. Standing as to Count II

Plaintiff's Count II alleges that the Ordinance is not narrowly tailored, as it is both underinclusive and overinclusive. ECF No. 1, PageID.20-25. Plaintiff reiterates in this Count that numerous provisions of the Ordinance impermissibly impose content-based distinctions. But Count II suffers the same standing infirmities that the Court discussed regarding Count I. Plaintiff alleges no injury flowing from the allegedly content-based distinctions, or from the allegedly underinclusive or overinclusive nature of the Ordinance because Genoa did not deny Plaintiff a permit under any of those allegedly unconstitutional provisions. Likewise, Plaintiff's claims under Count II are not redressable for the same reason its claims under Count I are not: the challenged provisions, even if unconstitutional, are severable from the remainder of the ordinance.[5]

---

[5] The Sixth Circuit's decision in *International Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690 (6th Cir. 2020), which allowed a plaintiff to challenge these kinds of allegedly unconstitutional content-based provisions because the Ordinance included a variance provision that could have relaxed the height, size, and numerosity requirements is of no help to Plaintiff here. In *International Outdoor*, the Sixth Circuit explained that "the size and height restrictions of the ordinance cannot be used to deny [plaintiff] standing on its content-based restrictions claim *due to*

### iii.  Standing as to Count III

In Count III, Plaintiff alleges that the Township's permitting scheme and its provision for granting variances constitute an unconstitutional prior restraint because they afford the Township too much discretion. ECF No. 1, PageID.25-27. Genoa notes that Outdoor's permit application was denied but that it failed to apply for a variance. ECF No. 12, PageID.261.

A prior restraint is a law or judicial or administrative order that prohibits expression or communication before it is set to occur. *International Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690, 697 (6th Cir. 2020) (internal citations omitted). A licensing provision that gives officials "unbridled discretion" regarding whether to permit expression is itself an actual injury. *Prime Media*, 485 F.3d at 351. Outdoor alleges that the permit provision of Genoa's Ordinance affords that kind of broad discretion. ECF No. 1, PageID.26. Plaintiff has sufficiently alleged that it suffered an injury as a result of the alleged prior restraint imposed by the permitting requirement.

---

*lack of redressability*, because the variance provision would allow [plaintiff] to obtain redress." *International Outdoor*, 974 F.3d at 702 (emphasis added). But even if *International Outdoor* provides a theory of redressability, Plaintiff here still fails to show an *injury in fact* flowing from the allegedly content-based provisions. That case is also factually distinguishable: the plaintiff in *International Outdoor* actually applied for a variance—Plaintiff here did not.

18

Turning now to the variance provision, Outdoor also has sufficiently alleged that it was injured by the variance provision contained elsewhere in the Zoning Ordinance, as that provision also allegedly vests unbridled discretion in the hands of the Township's Board of Zoning Appeals. ECF No. 1, PageID.24. Under the relevant provision, a variance may be granted if an applicant shows that due to "extraordinary or exceptional conditions" of the property in question the application of the Zoning Ordinance "would result in peculiar or exceptional practical difficulties . . . or exceptional undue hardship" unless the variance would cause "substantial detriment to the public good" or "substantially impai[r] the intent and purpose" of the Ordinance." ECF No. 1-3, PageID.46. At least one court in this district has concluded that a variance provision containing very similar language did not "contain narrow, objective, and definite standards," and thus imposed a prior restraint. *Int'l Outdoor, Inc. v. City of Troy*, 361 F. Supp. 3d 713, 717 (E.D. Mich. 2019) ("The ordinance provides no guidance or limit on the Board's ability to determine whether a variance is 'not contrary to the public interest or general purpose and intent of this Chapter' . . . or whether the petitioner has demonstrated a sufficient 'hardship or practical difficulty' based upon 'unusual characteristics' of the property.").

19

A variance scheme that places inadequate limits on a zoning official's discretion can itself be a constitutionally cognizable injury. *See Prime Media, Inc.*, 485 F.3d at 351 ("[T]he prior restraint of a licensing provision coupled with unbridled discretion itself amounts to an actual injury."). This remains true even where, as here, a plaintiff does not in fact apply for a variance. *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755-56, (1988). (prior restraints may be challenged "without the necessity of first applying for, and being denied, a license."). And as to redressability, these injuries, flowing from the existence of the alleged prior restraint, could be redressed by a favorable decision from this Court invalidating the challenged provisions. Plaintiff thus has standing to challenge the permitting and variance provisions as unconstitutional prior restraints.

### iv. Standing as to Count IV

Count IV alleges that the Ordinance is unconstitutionally vague. But, as with Plaintiff's other claims under Counts I and II, Plaintiff has not alleged an injury flowing from the allegedly vague character of the Ordinance. Plaintiff does not allege that there is anything vague about the size, height, and numerosity requirements under which Genoa denied it a permit. And, just as with Counts I and II, even if the provisions Plaintiff challenges may

be unconstitutionally vague, Plaintiff's claims are not redressable because the challenged provisions are severable from the size, height, and numerosity requirements, which are not vague. *See King Enterprises, Inc. v. Thomas Twp.*, 215 F. Supp. 2d 891, 917 (E.D. Mich. 2002) (sign ordinance provisions that contained "reasonably clear and concise requirements for the physical aspects of signs" were not unconstitutionally vague).

### c. Severability

Defendant argues that the content-based provisions of the Ordinance and any provisions that constitute a prior restraint may be severed, leaving in place the content-neutral size, height, and numerosity requirements. Thus, Defendant argues, even without the allegedly constitutionally infirm provisions of the Ordinance in place, Plaintiff would not have been able to put up its sign, and even if Plaintiff suffered an injury due to other provisions of the Ordinance, those injuries are not redressable. ECF No. 8, PageID.117-120. Plaintiff responds that Plaintiff confuses the severability and redressability inquiry, and that the Court need not consider severability at this stage of the litigation. ECF No. 11, PageID.214-15. Plaintiff does not argue that any provisions of the law are not severable.

Courts in the Sixth Circuit have explained that the severability of allegedly unconstitutional sign ordinance provisions may establish that a plaintiff's claimed injury is not redressable. *See Prime-Site Media*, 2020 WL 2556782 at *11 ("If there is even one constitutional, severable provision of the 2019 Ordinance that Oak Park used (or could have used) to deny [plaintiff] its permit, finding any number of other provisions of the 2019 Ordinance unconstitutional would not redress [plaintiff's] injury."); *Midwest Media*, 503 F.3d at 465 (plaintiffs "lacked standing" because constitutional size and height requirements were severable from allegedly unconstitutional provisions).

Fundamentally, the Sixth Circuit and courts in this district have uniformly and repeatedly held in the zoning enforcement context that the severability doctrine may defeat claims for damages, injunctive relief, and declaratory relief where a plaintiff proposes a sign that violates content-neutral size and height requirements, even if other provisions of the challenged ordinance may not pass constitutional muster.[6] Thus, if the height, size, and

---

[6] *See Int'l Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690, 700 (6th Cir. 2020) (explaining that "severing the variance provision also means that [Plaintiff] loses its claim to damages. . . , since it needed the variance precisely because it did not qualify for a permit under the size, height, and setback requirements for signs under [the Ordinance]."); *Midwest Media*, 503 F.3d at 465 ("Because the size and height requirements are severable from the allegedly

numerosity requirements are constitutional and may be severed from the allegedly unconstitutional content-based provisions, Plaintiff's challenges to the purportedly content-based provisions must fail as a matter of law.

### i. The height, size, and numerosity requirements are content neutral and narrowly tailored

The Sixth Circuit has repeatedly upheld height and area limitations as narrowly tailored and valid content-neutral time-place-and-manner regulations. *See Prime Media*, 485 F.3d at 348; *Midwest Media*, 503 F.3d at 461 ("plaintiffs chose not to challenge the size and height requirements in their complaint—perhaps in view of the difficulty of such a challenge here."); *Int'l Outdoor*, 974

---

unconstitutional provisions and because they prohibited plaintiffs from obtaining relief on their damages and injunction claims, the district court properly [concluded that] plaintiffs lacked standing to bring this lawsuit."); *Int'l Outdoor, Inc. v. City of Troy*, No. 17-10335, 2021 WL 2275977, at *5 (E.D. Mich. Apr. 6, 2021)(Steeh, J.)(finding that allegedly unconstitutional provisions were severable and granting a motion to dismiss, concluding "[u]nder the Sign Ordinance's valid restrictions, Plaintiff cannot erect its nonconforming billboards. As a result, Plaintiff's claim for damages fails as a matter of law."); *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton*, No. 20-10934, 2021 WL 807872, at *6 (E.D. Mich. Mar. 3, 2021)(Roberts, J.)(concluding that a content-natural height and size requirement was severable from allegedly unconstitutional provisions and explaining that "because content-neutral provisions preclude [plaintiff] from erecting its signs, any injury suffered by [plaintiff[ as a result of the application of the severable variance provision is not redressable.").

F.3d at 701 ("This court had previously rejected a challenge to size and height restrictions of a sign ordinance"). The Sixth Circuit has likewise repeatedly upheld the purposes Genoa identifies in the Ordinance under time-place-and-manner intermediate scrutiny: "to regulate signs and outdoor advertising within Genoa Township to protect public safety, health and welfare . . . reduce motorist distraction . . . and enhance the aesthetic appearance within the Township." ECF No. 1-2, PageID.32. *See Prime Media,* 398 F.3d at 821-2 (size and height restrictions were narrowly tailored to promote City's purpose of minimizing visual blight and promoting traffic safety); *Midwest Media*, 503 F.3d at 464 (size and height restrictions "further[ed] several goals of the sign regulations—most especially the goal of "public safety" and "aesthetic[s].").

The height, size, and numerosity requirements for monument signs found in Table 16.1 do not contain any content-based limitations. On their face, the Table 16.1 requirements do not "require [Genoa] to examine the content of a [monument sign's] message before it grants or denies a permit." *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton*, No. 20-10934, 2021 WL 807872, at *3 (E.D. Mich. Mar. 3, 2021)(Roberts, J.). And the Ordinance's definition of a "monument sign," unlike some other definitions, does not implicate any content-based distinction. *Cf.*

24

*Outdoor One*, 2021 WL 807872 at *3 ("the Sign Ordinance's definition of 'billboard' does implicate an on/off-premises distinction. The Sign Ordinance defines 'Billboard' as a 'non-accessory ground sign erected for the purpose of advertising a product, event, person, or subject not related to the premises on which the sign is located'"). Thus, the Ordinance's content-neutral dimensional requirements do not offend the Constitution.

To the extent that Plaintiff argues the Ordinance is suffused throughout with content-based restrictions, or that the Table 16.1 requirements were applied with a content-based gloss due to the stated purposes of the ordinance (which are allegedly content-discriminatory), that argument fails. Plaintiff does not explain how the size, height, and numerosity requirements implicate a content-based distinction. And Plaintiff does not plausibly allege that Genoa denied Plaintiff's permit for any reason other than that its proposed billboard exceeded the height, size, and numerosity requirements contained in Table 16.1. *Cf. Prime-Site Media,* 2020 WL 2556782 at *10 (denying summary judgment to defendant municipality where it was "not known what provisions of [the zoning ordinance]" were relied on to deny a billboard permit). Here, the exhibits attached to Plaintiff's pleadings clearly demonstrate that a Township zoning official had already rejected the proposed

sign due to nonconformity with the Table 16.1 requirements *before* Plaintiff confirmed that it intended to construct an off-premises sign. ECF No. 1-11, PageID.75; ECF No. 1-12, PageID.78.

### ii. The allegedly content-based provisions are severable from the content-neutral Table 16.1 requirements

"Severability of a local ordinance is a question of state law." *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 752, (1988). The Supreme Court of Michigan "has long recognized that it is the law of this State that if invalid or unconstitutional language can be deleted from an ordinance and still leave it complete and operative then such remainder of the ordinance be permitted to stand." *In re Request for Advisory Opinion Regarding Constitutionality of 2011 PA 38*, 490 Mich. 295, 345, 806 N.W.2d 683, 713 (2011) (internal marks and citation omitted). This Court will "consider, first, whether the Legislature expressed that the provisions at issue were not to be severed from the remainder of the act," and if it did not, "determine whether the unconstitutional portions are so entangled with the others that they cannot be removed without adversely affecting the operation of the act." *Blank v. Dep't of Corr.*, 462 Mich. 103, 123, 611 N.W.2d 530, 540 (2000).

Here, the Zoning Ordinance as a whole contains a severability clause. ECF No. 8-3, PageID.151. And various

amendments to the Ordinance were enacted with their own specific severability clauses. *See* ECF Nos. 8-4, 8-5, 8-6, PageID.154-163. This shows an intent to sever invalid provisions. And the content-neutral regulations that apply to the size, height, and number of monument signs that may be erected in a single district are not "so entangled with" the challenged provisions that they may not be severed. The size, height, and numerosity requirements are contained in a separate subsection, and themselves further several goals of the Ordinance, such as minimizing the size of signs, reducing motorist distraction, and enhancing aesthetics. ECF No. 1-2, PageID.13. Thus, those requirements "comfortably stand on their own." *Midwest Media*, 503 F.3d at 464-65. Moreover, just as in *Midwest Media*, no words or terms must be added to separate the content neutral regulations from the invalid restrictions—as they are all contained in separate subsections of the Ordinance—and no words must be added to give meaning to the height, size, and numerosity requirements if the invalid restrictions are severed. *Id.* Without the variance and permitting provisions, or the off-premises sign restrictions, the Ordinance is still a "complete and operative" rule, and thus the provisions are severable.

The Court's conclusion is in accord with the decisions of other courts in this district holding that analogous provisions of similar

sign ordinances were severable. *See Int'l Outdoor, Inc. v. City of Troy*, 361 F. Supp. 3d 713, 719 (E.D. Mich. 2019)(Steeh, J.)(content-neutral size limitations "st[ood] independently" from allegedly unconstitutional variance provision); *Int'l Outdoor, Inc. v. City of Troy*, No. 17-10335, 2021 WL 2275977, at *4-5 (E.D. Mich. Apr. 6, 2021)(Steeh, J.)(content-based exceptions to permit requirement were severable, and entire permit requirement would have been severable had the argument been raised); *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton*, No. 20-10934, 2021 WL 807872, at *6 (E.D. Mich. Mar. 3, 2021)(Roberts, J.)(content-neutral size limitations were severable from allegedly unconstitutional off-premises regulation, variance procedures, and permit requirement).

Plaintiff offers no reasons why the prior decisions of the Sixth Circuit and other courts in this district finding a lack of redressability due to the severability of unconstitutional sign ordinance provisions should not control the outcome here. Nor does Plaintiff argue that any provision of the Ordinance is not severable. Consequently, on the record before the Court, Plaintiff could not have erected its proposed sign regardless of whether the challenged provisions were unconstitutional, because valid size, height, and numerosity restrictions prohibited it. Thus, Plaintiff cannot claim

28

entitlement to any damages arising from having to comply with the law that prohibited it from being able to erect its proposed sign. Nor would declaring any of the challenged provisions unconstitutional allow Plaintiff to construct its proposed sign now. And as discussed above, Plaintiff has not suffered an injury under the allegedly content-based or vague provisions. Therefore, Counts I, II, and IV must be dismissed for lack of standing.

### d. Plaintiff has stated a plausible claim as to the permitting procedure and the variance provision being unconstitutional prior restraints

Plaintiff's remaining claim is that the Ordinance's permitting requirement and variance procedures—unchanged in relevant part by the recent amendments—operate as an impermissible prior restraint on speech. Plaintiff alleges the Ordinance requires those who wish to erect a sign to obtain a permit or a variance before they may do so, and that the Ordinance lacks narrow, objective, and definite standards for Township zoning officials to apply when considering whether to approve or deny permit applications or zoning variances. ECF No. 1, PageID.26-27. Plaintiff also alleges that the permit provision imposes no time limit within which the Township must either grant or deny a permit application. *Id*. Plaintiff further argues that, because some signs are exempted from the permit provision based on their content, the permitting

provision requires Township officials to consider the content of a proposed sign as part of the determination of what regulations apply. ECF No. 1, PageID.27.

A prior restraint is "any law forbidding certain communications when issued in advance of the time that such communications are to occur." *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012) quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993) (internal marks omitted). To avoid creating an impermissible prior restraint, cities must "establish neutral criteria to insure that [a permitting] decision is not based on the content or viewpoint of the speech being considered." *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 760 (1988). Furthermore, "a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license must contain narrow, objective, and definite standards to guide the licensing authority." *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123, 131 (1992) (internal marks and citation omitted). The Supreme Court has also noted that "failure to place limitations on the time within which" a permitting board must rule on an application is "a species of unbridled discretion," and thus impermissible. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 223 (1990).

Here, Plaintiff alleges that the permitting and variance procedures  provide no objective or specific guideposts to Township zoning officials, and the Ordinance imposes no time limits within which the Township must respond to a permit application. Plaintiff also plausibly alleges that, in order to determine whether a proposed sign falls into one of the permit-exempt categories, a Township zoning official must consider the content of the sign.

This is sufficient to state a claim. Other courts in this district, considering similar sign ordinances, have agreed that similar permitting requirements and variance procedures can constitute impermissible prior restraints.  *See Int'l Outdoor, Inc. v. City of Troy,* 361 F. Supp. 3d 713, 717 (E.D. Mich. 2019)(Steeh, J.), aff'd sub nom. *Int'l Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690, 697-99 (6th Cir. 2020) (municipal sign ordinance's variance provision imposed a prior restraint because "the right to display a sign depends on Defendant's approval," and ordinance did not provide definite standards for variance decisions); *Outdoor One Commc'ns, LLC. v. Charter Twp. of Canton*, No. 20-10934, 2021 WL 807872, at *5 (E.D. Mich. Mar. 3, 2021) (permit requirement was a prior restraint because Township was required to "look at the content of the sign to decide if the message falls into one of the permit-exempt categories").

31

The Court need not now conclude whether the permitting requirement would still constitute a prior restraint absent the allegedly content-based exemption provisions. Drawing all inferences in Plaintiff's favor, as the court must at this stage, Plaintiff has plausibly alleged sufficient factual material to allow the inference that the permitting requirement and variance procedures impose a prior restraint.

Although Plaintiff is not entitled to damages or other relief from its inability to construct a billboard, it may proceed in seeking a declaratory judgment against the provisions that allegedly constitute a prior restraint, because it has sufficiently alleged a separate injury under those provisions beyond denial of its sign permit: being subjected in the first place to a prior restraint that allegedly affords unrestrained discretion. *See Prime Media*, 485 F.3d at 351. Plaintiff may not claim damages resulting from not being able to construct its sign under Count III because, for the reasons expressed elsewhere in this order, Plaintiff would not have been able to construct its sign in any event.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** as to Count I, II, and IV, and those Counts are hereby **DISMISSED WITH PREJUDICE**.

Defendant's Motion to Dismiss is **DENIED IN PART** as to Count III.

**IT IS SO ORDERED.**

Dated:  September 30, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE